# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                   **CRIMINAL ACTION**

**VERSUS**                                                                        **No. 10-222**

**BRIAN TURNER**                                                       **SECTION I**

## ORDER AND REASONS

Before the Court is a pro se motion[1] filed by petitioner, Brian Turner, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes Turner's motion and requests that the Court deny it without an evidentiary hearing.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On August 12, 2010, a grand jury returned a 28-count indictment against Turner and 13 co-defendants. Count 1 charged Turner and his co-defendants with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B), all in violation of 21 U.S.C. § 846. Count 20 charged Turner with using a telephone to commit conspiracy to possess with the intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 843(b).[3] A February

---

[1] R. Doc. No. 650.

[2] R. Doc. No. 655, at 1.

[3] R. Doc. No. 1.

4, 2011 superseding indictment charged Turner in counts 1 and 20 with the same crimes.[4] Turner pleaded guilty to count 1[5] pursuant to a plea agreement, in which he waived his right to bring a "Section 2255 motion, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[6]

At the time that Turner pleaded guilty, he was informed that the statutory penalty associated with his conviction was a minimum of 10 years in prison and a maximum of life imprisonment.[7] However, the application of the Fair Sentencing Act and the Supreme Court's decision in *Dorsey* yielded a statutory range of 5-40 years' imprisonment at the time of sentencing.[8]  The Presentence Investigation Report ("PSR") designated Turner a career offender pursuant to U.S.S.G. § 4B1.1, and the Court calculated a guidelines range of 188-235 months in prison.[9]  On June 4, 2013, the Court sentenced Turner to 188 months in prison. Turner filed the instant motion on August 20, 2013.

---

[4]R. Doc. No. 233.

[5]R. Doc. No. 459.

[6]R. Doc. No. 462, at 3.

[7]R. Doc. No. 462, at 2.

[8]*See* 21 U.S.C. § 841(b)(1)(B).

[9]R. Doc. No. 475, at 33; R. Doc. No 620, at 3.

## STANDARD OF LAW

### I. Overview of § 2255

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant a petitioner a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review

unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## II. Ineffective Assistance of Counsel

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687). The petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. A petitioner who pleaded guilty must show "that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The petitioner must satisfy both prongs of the Strickland test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

## ANALYSIS

Turner seeks relief based on two grounds.  In Ground One, he alleges that his counsel was ineffective for failing to object to his career offender designation at sentencing.[10] In Ground Two, he alleges that his counsel was ineffective for failing to advise him that he would be designated a career offender, which rendered his guilty plea unknowing and involuntary.[11]

Turner's plea agreement expressly waives his right to bring a § 2255 motion unless he demonstrates that ineffective assistance affected the validity of that waiver or the validity of the guilty plea itself. With respect to Ground One, Turner "has presented no evidence or argument to suggest that his attorney's investigation of his prior offenses and failure to object to his status as a career offender affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea." *United States v. Bell*, No. 09-08, 2011 WL 3240767 (E.D. La. July 29,

---

[10]R. Doc. No. 650, at 4.

[11]R. Doc. No. 650, at 5.

2011) (citing *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002)).[12] Accordingly, the request for relief presented in Ground One must be denied.

With respect to Ground Two, Turner asserts that his plea was unknowing and involuntary because counsel failed to inform him before he pleaded guilty that he could be sentenced as a career offender.[13] Turner was well aware, however, of the maximum sentence he faced.[14] "The fact that a defendant does not know that the career criminal provisions of Sentencing Guidelines may increase his sentence within that statutory range does not render his plea involuntary or unknowing." *United States v. Adkins*, No. 94-10120, 1994 WL 733505, at *3 (5th Cir. Dec. 28, 1994). "Even assuming counsel failed to inform petitioner of the risks attendant to classification as a career criminal, petitioner's rights were not prejudiced."  *United States v. Green*, No. 02-60053, 2008 WL 3836726, at *14 (W.D. La. July 26, 2008). Turner has failed to allege facts sufficient to fulfill the prejudice prong under *Strickland*, and the Court need not address whether counsel's performance was deficient to conclude the relief sought in Ground Two is unavailable. *See id.* (citing cases); *see also United States v. McKnight*, 570 F.3d 641, 647-48 (5th Cir. 2009).

---

[12]Turner acknowledges his waiver, and he argues only that "Turner *did* reserve[] his right to bring a direct appeal of any sentence imposed in excess of the statutory maximum." R. Doc. No. 650, at 17. However, "[t]he career criminal provisions of the Sentencing Guidelines do not increase the statutory maximum penalty." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990).

[13]R. Doc. No. 650, at 21.

[14]In his own words, "Turner does not claim that he was ignorant of the potential 20-year maximum sentence." R. Doc. No. 650, at 38. In addition to reiterating the maximum potential sentence Turner initially faced, his plea agreement states, "The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. . . . The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law . . . ." R. Doc. No. 462, at 3.

**CONCLUSION**

The motion, files, and records of the case conclusively show that Turner is entitled to no relief. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, September 30, 2013.

_____
**LANCE M. AFRICK**
**UNITED  STATES  DISTRICT  JUDGE**